IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS JULIAN, JR., | ) | |
| | ) | Civil Action No. 09 - 1710 |
| Petitioner, | ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA; | ) | |
| THE ATTORNEY GENERAL OF THE STATE | ) | |
| OF PENNSYLVANIA; and THE DISTRICT | ) | |
| ATTORNEY OF THE COUNTY OF | ) | |
| ALLEGHENY | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**

Petitioner, Thomas Julian, Jr., a state prisoner incarcerated at the State Correctional

Institution at Mercer, Pennsylvania, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.  For the reasons that follow, the Petition should be dismissed as untimely because it was not

filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d).

**A. Relevant Procedural History**

On August 2, 2000, following a jury trial in the Court of Common Pleas of Allegheny

County, Pennsylvania, Petitioner was found guilty of several charges of Involuntary Deviate Sexual

Intercourse and related charges.  On December 4, 2000, he was sentenced to an aggregate term of

imprisonment of incarceration of from 60 to 120 months followed by fifteen years probation.

Petitioner filed a timely notice of appeal and on March 10, 2003, the Superior Court of Pennsylvania

affirmed his judgment of sentence (doc. no. 13-6, pp. 24-34).  Petitioner filed a timely Petition for

Allowance of Appeal to the Supreme Court of Pennsylvania, which was denied on July 29, 2003.

On March 31, 2004, Petitioner filed a *pro se* petition for relief under the Pennsylvania Post

Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9542.  Counsel was appointed and an amended

PCRA petition was filed raising 21 claims of ineffective assistance of trial counsel.  On June 27,

2006, the PCRA Court denied Petitioner's PCRA Petition (doc. no. 14-4, p. 12).  Petitioner filed a

timely Notice of Appeal and on March 5, 2007, the Superior Court of Pennsylvania affirmed the

Trial Court's determination denying Petitioner PCRA relief (doc. no. 14-9, pp. 10-34).  On July 12,

2007, the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal.

(doc. no. 14-9, p. 36).

On July 28, 2008, Petitioner filed a second *pro se* Motion for Post Conviction Collateral

Relief.  On September 25, 2008, this Petition was dismissed as untimely (doc. no. 15-2, p. 18).

Petitioner filed a timely Notice of Appeal and on June 15, 2009, the Superior Court of Pennsylvania

affirmed the Trial Court's determination denying Petitioner PCRA relief (doc. no. 15-6, pp. 27-32).

On October 27, 2009, the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance

of Appeal (doc. no. 15-7, p. 46).

Petitioner's federal Petition for Writ of Habeas Corpus was executed on December 23, 2009.

In his Petition, he raises the following three claims.

1. That this Innocent Citizen is being denied access to the Commonwealth's Open Courts and Justice as guaranteed by Art. 1, §11 of the Commonwealth Constitution [*i.e*., the PCRA time bar is unconstitutional];

2. the 'consolidation' issue [*i.e.*, joinder of his two criminal informations was improper]; and

3. the 'challenge for cause' issue [*i.e.*, Petitioner's right to a public trial was violated because his jury selection was not conducted in a courtroom before a judge and was not transcribed].

### B. Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus petition is whether the petition

was timely filed under the one-year limitations period applicable to such petitions.  In this regard,

the federal habeas corpus laws impose a one-year limitations period applicable to state prisoners,

which provides as follows.

> (d)  (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court.  The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

The Court of Appeals for the Third Circuit has held that the statute of limitations set out in

§ 2244(d)(1) must be applied on a claim-by-claim basis.  Fielder v. Varner, 379 F.3d 113 (3d Cir.

2004), *cert denied*, 125 S.Ct.904 (Jan. 10, 2005).  Thus, in analyzing whether a petition for writ of

habeas corpus has been timely filed under the one-year limitations period, a federal court must

undertake a three-part inquiry.  First, the court must determine the "trigger" date for the individual

claims raised in the Petition.  Typically, this is the date that the petitioner's direct review concluded

and the judgment became "final" for purposes of triggering the one-year period under section §

2244(d)(1)(A).  Second, the court must determine whether any "properly filed" applications for post-

conviction or collateral relief were pending during the limitations period that would toll the statute

pursuant to section 2244(d)(2).   Third, the court must determine whether any of the other statutory

exceptions or equitable tolling should be applied on the facts presented.

In the instant action, the Supreme Court of Pennsylvania denied Petitioner's timely filed

Petition for Allowance of Appeal on July 29, 2003.  Consequently, direct review of Petitioner's

conviction became "final" on or about October 27, 2003, *i.e*, the date of the expiration of the ninety-

day period for filing a petition for writ of certiorari in the United States Supreme Court.  *See* Swartz

v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion

of direct review or the expiration of time for seeking such review, including the time limit (90 days)

for filing a writ of certiorari in the Supreme Court); Kapral v. United States, 166 F.3d 565, 575 (3d

Cir. 1999) (same for 28 U.S.C. § 2255 motions).  Thus, Petitioner had one year from that date, *i.e.*,

until October 27, 2004 to file a federal habeas corpus petition challenging his conviction.

In the case at bar, however, Petitioner did not file his federal Habeas in this Court until

December 23, 2009, the date he signed his Petition.  Thus, this court must determine whether

Petitioner can take advantage of the "tolling" provision in section 2244(d)(2).  In this regard, as

stated above, section 2244(d)(2) provides that "[t]he time during which a properly filed application

for State post-conviction or other collateral review with respect to the pertinent judgment or claim

is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C.

§ 2244(d)(2).

With respect to the instant petition, Petitioner filed his first PCRA Petition on March 31,

2004.  Therefore, his one-year limitations period began running on October 28, 2003 and continued

to run until March 31, 2004, when he filed his PCRA petition.  From October 28, 2003 until March

31, 2004, 156 days had run on Petitioner's one-year limitations period; 209 days remained.

Petitioner's one-year AEDPA limitations was tolled while he was pursuing his PCRA proceeding

from March 31, 2004 through July 12, 2007, the date the Supreme Court of Pennsylvania denied his

Petition for Allowance of Appeal.  *See* Stokes v. District Attorney of County of Philadelphia, 247

F.3d 539, 542 (3d Cir. 2001) (holding that the time during which a state prisoner may file a petition

for a writ of certiorari in the United States Supreme Court from the denial of his state

post-conviction petition does not toll the statute of limitations on filing a habeas petition).  He is not

entitled to any tolling with regards to his second PCRA Petition.  Pace v. DiGuglielmo, 544 U.S.408

(2005) (holding that untimely Pennsylvania PCRA petition does not toll AEDPA's limitation

period); Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that a state post conviction petition is

properly filed when its delivery and acceptance are in compliance with applicable laws).  Thus, his

limitations period began running again on July 13, 2007 and expired 209 days later on February 7,

2008.

      Unfortunately for him, Petitioner did not file his federal habeas corpus petition until

December 23, 2009, almost two years after his limitations period had expired.  Nothing in the record

in this action indicates that Petitioner is entitled to take advantage of any of the other provisions

triggering the one-year limitations period.  In this regard, Petitioner's petition for habeas corpus and

his attachments do not indicate that Petitioner suffered any impediment to filing his federal petition.

28 U.S.C. § 2244(d)(1)(B).  Nor has he asserted that his claims are based on a new constitutional

right recognized by the United States Supreme Court and made retroactive to cases on collateral

review.  28 U.S.C. § 2244(d)(1)(C).  Petitioner's citation to the Supreme Court's recent opinion in

Presley v. Georgia, ___ U.S. ___, 130 S.Ct. 721 (2010) (Presley ) does not change this conclusion.

In Presley, in a *per curiam* opinion, the Supreme Court reversed a criminal judgment where the trial court excluded members of the public, including the defendant's uncle, from the courtroom during *voir dire* based on purported space limitations and an expressed concern that jurors might overhear inherently prejudicial remarks from observers during *voir dire*.  Presley's counsel objected but the trial court explained that there just was not available space for them to sit in the audience. When he asked for some accommodation the court refused stating the uncle could come back in once the trial started.  At a hearing on a post-conviction motion, Presley presented evidence showing that the prospective jurors could have been accommodated in the courtroom, still leaving adequate room for the public.  The Georgia Supreme Court affirmed the conviction, finding that the trial court had an " 'overriding interest' " in ensuring that potential jurors heard no inherently prejudicial remarks from observers during *voir dire*, and rejecting Presley's argument that the trial court had a *sua sponte* duty to consider alternatives to closing the courtroom when none were offered by the defendant. The United States Supreme Court disagreed and held that "trial courts are required to consider alternatives to closure even when they are not offered by the parties" and that "[t]rial courts are obligated to take every reasonable measure to accommodate public attendance at criminal trials." Presley, 130 S.Ct. at 724-725.  The Court further explained "[t]here are no doubt circumstances where a judge could conclude that threats of improper communications with jurors or safety concerns are concrete enough to warrant closing voir dire.  But in those cases, the particular interest, and threat to that interest, must 'be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.' " *Id.* at 725 (internal citations omitted).

Petitioner is attempting to take advantage of the limitations period provided for under 28 U.S.C. §2244(d)(1)(C), which allows one year from "the date on which the constitutional right

asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

the Supreme Court and made retroactively applicable to cases on collateral review." In order to take

advantage of this provision, the United States Supreme Court specifically must hold that the "new

right" is "retroactively applicable to cases on collateral review." *See, e.g.*, Tyler v. Cain, 533 U.S.

656 (2001) (holding that a new rule of constitutional law is "made retroactive to cases on collateral

review" only if the Supreme Court specifically holds it to be retroactively applicable to cases on

collateral review). Nowhere in Presley does the Supreme Court announce that any part of its holding

should apply retroactively on collateral review. Nor has it so held in any subsequent opinion. Thus,

Petitioner's reliance on Presley does not save his Petition from being untimely. *Accord* Reinhold

v. Rozum, Civil No. 08-3371, 2010 WL 1462371, 5 (3d Cir. April 14, 2010) (holding that petition

for writ of habeas corpus was untimely where new rule announced by Supreme Court was not

retroactively applicable to convictions that became final before it was decided).[1]

Finally, after reviewing Petitioner's claims, there is no indication that the doctrine of

equitable tolling should be applied in this action. Although AEDPA's one-year limitation in §

2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would
> make the rigid application of a limitation period unfair. Generally,
> this will occur when the petitioner has in some extraordinary way
> been prevented from asserting his or her rights. The petitioner must
> show that he or she exercised reasonable diligence in investigating
> and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal

citations, quotations, and punctuation omitted). The burden of establishing entitlement to the

extraordinary remedy of equitable tolling rests with the petitioner. *Id*. at 978. *See also* LaCava v.

---

1. Nor has Petitioner shown that his claims are based upon a factual predicate that could not
have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D).

Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the AEDPA statute of limitations is permitted if:  "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.) (internal citation omitted), *cert. denied,* 513 U.S. 1086 (2001). In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. *See, e.g.*, Johnson v. Hendricks, 314 F.3d 159 (3d Cir. 2002) (agreeing with other circuits in holding that in non-capital cases, an attorney's mistake in determining a petitioner's one-year limitations period does not constitute extraordinary circumstances for purposes of equitable tolling).

Moreover, while Petitioner sets forth an argument that he was actually innocent of the crimes of which he was convicted, it should be noted that the Court of Appeals for the Third Circuit has not held that a showing of actual innocence is grounds for equitably tolling AEDPA's statute of limitations. *See e.g.*, Horning v. Lavan, 197 Fed. App'x. 90, 93-94 (3d Cir. 2006) ("we have yet to hold that the AEDPA statute of limitations can be equitably tolled on the basis of actual innocence"); LaCava v. Kyler, 398 F.3d 271, 274 n. 3 (3d Cir. 2005) (declining to address whether petitioner's actual innocence claim could overcome the AEDPA time bar). The Court has indicated that, if it were to permit equitable tolling based upon a claim of actual innocence, a petitioner would not be entitled to benefit from such tolling unless he exercised reasonable diligence in pursuing his claim. Horning, 197 Fed. App'x at 94; *see also* Doe v. Menefee, 391 F.3d 147, 160-62 (2d Cir. 2004) , *cert. denied*, 546 U.S. 961 (2005) (holding that habeas petitioner seeking tolling of statute of limitations based on actual innocence must demonstrate "reasonable diligence during the period that he seeks

to have tolled").  Moreover, as observed by the United States Supreme Court in <u>Schlup v. Delo</u>, 513

U.S. 298, 324 (1995), actual innocence requires that a petitioner must provide "new reliable

evidence . . . not presented at trial" which demonstrates that "it is more likely than not that no

reasonable juror would have convicted him in light of the new evidence."  Such new evidence

should generally take the form of "exculpatory scientific evidence, trustworthy eyewitness accounts,

or critical physical evidence."  *Id*. at 324.  Petitioner fails to satisfy this standard.

The discussion above reveals that the petition for writ of habeas corpus in the instant action

was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d).  Consequently, the

Petition will be dismissed as untimely.

### C. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions.

Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas

proceeding in which the detention arises out of process issued by a State court unless a certificate

of appealability (COA) has been issued.  A certificate of appealability should be issued only when

a petitioner has made a substantial showing of a denial of a constitutional right.  28 U.S.C. §

2254(c)(2).  There is a difficulty with this provision when the District Court does not decide the case

on the merits but decides the case on a procedural ground without determining whether there has

been a denial of a constitutional right.  In <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000) the Supreme

Court held that when the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue

when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling.  Applying this standard to

the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner

did not file his habeas petition within the one-year limitations period.  Accordingly, a certificate of

appealability will be denied.  An appropriate order will follow.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Dated: May 3, 2010

cc:     Thomas Julian, Jr.
        EM-0936
        SCI Mercer
        801 Butler Pike
        Mercer, PA 16137